UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORI A. DUTRA,

    Plaintiff,

    v.

SAN FRANCISCO POLICE DEPARTMENT, et al.,

    Defendants.
_____/

No. C 09-1113 PJH

**ORDER TO SHOW CAUSE**

TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO:

YOU ARE HEREBY ORDERED TO SHOW CAUSE IN WRITING, no later than April 1, 2009, why this case should not be remanded to the Superior Court of California, County of San Francisco, for lack of subject matter jurisdiction.

Plaintiff Lori A. Dutra filed this action on January 16, 2009, in San Francisco Superior Court, against the City and County of San Francisco, and four San Francisco police officers. Plaintiff asserts seven state law claims: discrimination in employment on the basis of sexual orientation, in violation of California Government Code §§ 12940(h), 12941, and 12942; discrimination in employment on the basis of national origin, in violation of California Government Code §§ 12940(h), 12941, and 12942; conspiracy to deprive plaintiff of civil rights; defamation, breach of contract, intentional infliction of emotional distress, and negligent infliction of emotional distress. The third cause of action for conspiracy to deprive plaintiff of her civil rights did not reference any federal law or statute.

Defendants answered the complaint on March 11, 2009, asserting as the Twelfth Affirmative Defense that "[p]laintiff cannot establish a conspiracy to deprive [p]laintiff of her

civil rights claim under 42 U.S.C. § 1985, under which statute [p]laintiff presumably brings this claim." The following day, defendant City and County of San Francisco ("the City") removed the case, alleging federal question jurisdiction under 28 U.S.C. § 1331, on the basis that "[t]he City interprets [plaintiff's third cause of action] to be brought under 42 U.S.C. § 1985, although [p]laintiff neglects to allege that statute or any other for this cause of action."

The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. 1447(c). There is a "strong presumption" against removal jurisdiction. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003).

Whether a case "arises under" federal law for jurisdiction purposes is tested by the "well-pleaded complaint" rule. Federal courts consider only what necessarily appears in the plaintiff's statement of his or her claim. <u>See</u> Schwarzer, Tashima & Wagstaffe, <u>Federal Civil Procedure Before Trial</u> (2008) § 2:116. However, the well-pleaded complaint rule makes the plaintiff the master of the claim. A plaintiff may generally avoid federal jurisdiction by exclusive reliance on state law. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

The court does not find any reference in the third cause of action, or indeed anywhere in the complaint, to any federal claim. Indeed, the City concedes in its notice of removal that the third cause of action does not, on its face, plead a federal claim. A defendant's "presumption" that a plaintiff "intended" to plead a federal claim is not sufficient to confer removal jurisdiction, where there is nothing in the complaint to support that view.[1]

---

[1] The court notes that plaintiff has filed a motion to remand, raising the same issue raised by the court in this order. The motion to remand was filed after the court had prepared this order, but before the order had been filed. Because the order to show cause provides an expedited means of resolving what appears to be an improper removal, the court requires the

2

Accordingly, the City is hereby ORDERED to explain why the court should not remand this case to the San Francisco Superior Court.[2]

**IT IS SO ORDERED.**

Dated: March 26, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

---

City's immediate response, which may obviate the need for formal briefing and hearing on this matter.

[2] The court also notes that not all defendants joined in the notice of removal.

3